**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joseph Curtis Zontelli,

       Plaintiff,

v.

City of Duluth, *a municipal corporation*; Marc Johnson, *Officer, in their individual and official capacities*; Jill Kettleson, *Officer, in their individual and official capacities*; Adam Huot, *Officer, in their individual and official capacities*; Gordon Ramsay, *Former Chief of Police, in their individual and official capacities*; St. Louis County, *a municipal corporation*; Roseau County, *a municipal corporation*; Minnesota Bureau of Criminal Apprehension, *(BCA) a state agency*; Officer Dejesus, *individual and in his official capacity*; Paul Gherardi, *individual and in his official capacity*; Jerry Koneczny, *individual and in his official capacity*; S/A Bennett, *individual and in his official capacity*; Jane Doe 1, *Administrative Clerk*; Jane Doe 10, *Roseau County Agent*; John Doe 2; John Doe 3, *Duluth Police Officer – Formerly identified as Roe*; John Doe Officers 4–10, *IT & Forensic Personnel*; John Doe Officers 11–20, *Gateway Towers Responding Officers*,

       Defendants.

Civ. No. 26-991 (JWB/LIB)

**ORDER**

---

    Plaintiff Joseph Curtis Zontelli was bitten by a police K9 and twice shot in the

back by Duluth Police Officer Marc Johnson on August 11, 2014. Over ten years later, he

filed this federal lawsuit alleging that excessive force was used against him in that earlier incident in violation of the Fourth Amendment. (Doc. No. 1, Compl.; Doc. No. 3, Am. Compl.)

Zontelli did not pay the filing fee associated with this action. Instead, he requests to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) The IFP application must be considered before any other action may be taken in this matter. *See* 28 U.S.C. § 1915(e).

Zontelli's IFP application has been reviewed. He qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).

In reviewing whether a complaint states a claim on which relief may be granted, all factual allegations are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Complaints need not include extensive factual detail, but they must allege facts sufficient to bring the claim beyond mere speculation, meaning that it must be facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In assessing the sufficiency of a complaint, legal conclusions that are couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, however, they still must allege sufficient facts to support their claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

2

Zontelli alleges that in August 2014, he was on the ground, unarmed, and being bitten by a police K9 when Duluth Police Officer Marc Johnson pinned Zontelli's right arm behind his back with one hand and used the other to unholster his department-issued firearm, proceeding shooting him in the back twice. The bullets caused Zontelli significant injury, severing his jugular vein and striking his spine. Zontelli asserts that Officer Johnson's use of force constitutes a Fourth Amendment violation. He also claims that the City of Duluth and former Chief of Police Gordon Ramsay conspired to deprive him of his constitutional rights by withholding video evidence of the shooting for twelve years, concealing the extent of the constitutional injury.

Zontelli asserts Fourth Amendment and *Monell* claims under 42 U.S.C. § 1983, as well as claims for RICO and Americans with Disabilities Act ("ADA") liability. (Doc. No. 3, Am. Compl.) In Minnesota, § 1983 claims are subject to a six-year statute of limitations. *See Anunka v. City of Burnsville*, 534 F. App'x 575, 576 (8th Cir. 2013). The statute of limitations for a civil claim under RICO is four years. *See Geivett v. AMC Mgmt., LLC*, 158 F.4th 900, 903 (8th Cir. 2025). And in Minnesota, ADA claims are subject to a six-year statute of limitations. *See Gaona v. Town & Country Credit*, 324 F.3d 1050, 1056 (8th Cir. 2003).

Claims accrue when the plaintiff has a complete and actionable claim, meaning that they may initiate a suit. *See Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *see also Geivett*, 158 F.4th 900, 903 (8th Cir. 2025) ("A RICO cause of action accrues when the plaintiff discovers, or should have discovered, his injury."). In an excessive force case such as this one, the action accrues on the date of the

3

alleged use of excessive force. *Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019). Therefore, Zontelli's excessive force claim accrued over ten years ago and is outside the applicable limitations periods.

To overcome this defect, Zontelli asserts that the statute of limitations period should be tolled because Defendants concealed video evidence of the incident for the last twelve years. Equitable tolling suspends the statute of limitations period only when a litigant has exercised diligence but was prevented from filing a timely action due to extraordinary circumstances. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). And when a federal court adopts a state's statute of limitations—as with § 1983 claims—state tolling rules generally apply. *Sacks v. Univ. of Minn.*, 600 F. Supp. 3d 915, 940-41 (D. Minn. 2022). Under Minnesota law, equitable tolling is only available in cases of fraudulent concealment. *Lamere v. St. Jude Med., Inc.*, 827 N.W.2d 782, 788 (Minn. App. 2013). Fraudulent concealment requires an affirmative act or statement that concealed a potential cause of action. The statement must be knowingly false or made with reckless disregard of the truth, and the concealment could not have been discovered by reasonable diligence. *Haberle v. Buchwald*, 480 N.W.2d 351, 357 (Minn. App. 1992).

Zontelli asserts that Defendant Ramsay intentionally concealed or altered video recordings, including dash-cam, body-cam, investigator audio, and ambulance footage, which show the scope of the alleged constitutional violations. (Doc. No. 1, Compl. ¶ 3; Doc. No. 3, Am. Compl ¶¶ 4–5, 9.) These assertions do not meet the requirement for equitable tolling.

First, the claim that Ramsay concealed this evidence lacks support. Zontelli does not describe what he did to obtain this evidence or what (if anything) prevented him from obtaining it.

Second, he fails to make any showing that concealing (or altering) these videos prevented him from being aware of the facts giving rise to his excessive force claim. Fraudulent concealment only tolls the statute of limitations if facts are concealed to such an extent that the plaintiff was unaware that a cause of action existed. *Marvin Lumber & Cedar Co. v. Sapa Extrusions, Inc.*, 964 F. Supp. 2d 993, 1008 (D. Minn. 2013). Zontelli cannot make this showing because he was aware of the facts giving rise to the excessive force claim—he was the victim of Officer Johnson's use of force.

Because no basis for equitable tolling the statute of limitations on fraudulent concealment grounds has been shown, Zontelli's claims are dismissed without prejudice as time barred. Zontelli's IFP application is therefore denied as moot.

## ORDER

Based on the above, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.      Plaintiff Joseph Curtis Zontelli's Amended Complaint (Doc. No. 3), is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

2.      Plaintiff's application to proceed without prepaying fees or costs (Doc.

No. 2), is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 20, 2026                    _s/ Jerry W. Blackwell_____
                                        JERRY W. BLACKWELL
                                        United States District Judge